Filing # 68367718 E-Filed 02/23/2018 10:12:21 AM

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

BRYAN VINCENT and
COURTNEY LOPEZ-CHAVES,
individually and on behalf
of all others similarly situated,

       Plaintiffs,

v.                            Case No.: _____

AMY SANDERS,
SHAD SANDERS,
and CENTRAL FLORIDA
SURFACES, INC.,

       Defendants.

_____/

## COMPLAINT

### Preliminary Statement

1.    This is a collective and class action brought by Individual and Representative Plaintiffs, Bryan Vincent and Courtney Lopez-Chaves ("Plaintiffs" or "Class Representatives"), on their own behalf and on behalf of those similarly situated and Plaintiffs who have "opted-in" to this matter. Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class members are or were employed jointly by Defendants Amy Sander, Shad Sanders and/or Central Florida Surfaces, Inc. (hereinafter referred to as "CFS" or

"Defendants") and are or were denied overtime pay required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.    The Putative Collective Class is made up of all persons who are, have been, employed by Defendants as "construction workers" during the applicable statutory period.

3.    During the applicable statutory period, Defendants failed to pay overtime compensation to each member of the class as required by federal law.  Plaintiffs seek relief for the Opt-In Plaintiffs and Collective Class under the FLSA to remedy Defendants' failure to pay appropriate overtime compensation.

4.    Plaintiffs Vincent and Lopez-Chaves also had their rights under the FLSA violated when they were terminated from their employment as a direct and proximate result of their efforts to seek proper overtime pay and filing a complaint with Defendants regarding their improper payment of overtime wages.  Such a retaliatory discharge is a violation of the FLSA, 29 U.S.C. §215(a)(3).

### Jurisdiction and Venue

5.    This Court has jurisdiction to hear this Complaint and to adjudicate the claims stated herein as the amount in controversy exceeds

$15,000.00, exclusive of interest, costs, and attorney's fees. This action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") which allows the filing of a claim in state court of competent jurisdiction.

6.    Venue is proper in this Court because the Defendants transact business in Marion County, Florida and Plaintiffs (including the putative class) worked for Defendants in Marion County, Florida.

### Parties

7.    Defendant Amy Sanders is an adult and President, Vice-President, Secretary, Treasurer, and a director of Defendant Central Florida Surfaces, Inc.. In this capacity, she has direct and indirect control over the financial operations and pay practices of CFS and is directly responsible for the failure of CFS to pay proper overtime pay the Plaintiffs, Opt-In Plaintiffs, and the Putative Class of Plaintiffs. Amy Sanders participated in and sanctioned the willful scheme to pay Plaintiffs, Opt-In Plaintiffs, and the Purported Class cash "straight time" for all hours worked in excess of forty (40) in a work week.

The first forty (40) hours were paid to Plaintiffs, Opt-In Plaintiffs, and the Putative Class by an employee leasing company which allowed Defendants to "borrow servants" to perform work for Defendants. Defendant

paid the employee leasing company based on the number of hours of work performed by Plaintiffs.

Defendant Amy Sanders' place of work is located 2621 SW 17th Road, Ocala, Florida.

8.    Defendant Shad Sanders is an adult and Chief Operating Officer of Defendant Central Florida Surfaces, Inc.. In this capacity, he has direct and indirect control over the financial operations and pay practices of CFS and is directly responsible for the failure of CFS to pay proper overtime pay the Plaintiffs, Opt-In Plaintiffs, and the Putative Class of Plaintiffs.  Shad Sanders participated in and sanctioned the willful scheme to pay Plaintiffs, Opt-In Plaintiffs, and the Purported Class cash "straight time" for all hours worked in excess of forty (40) in a work week.

Defendant Shad Sanders' place of work is located at 2621 SW 17th Road, Ocala, Florida.

9.    Defendant Central Florida Surfaces, Inc. ("CFS") is a "Florida Profit Company" which operates in Marion County at 2621 SW 17th Road, Ocala, Florida.  CFS is a covered enterprise under the FLSA because it operates in interstate commerce by, among other things, using construction materials and supplies which have come into the State of Florida through

interstate    commerce;    using    interstate    banking;    using    interstate communications such as telephone, internet and facsimile.

10.    Defendant CFS's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

11.    At all relevant times, Defendants are, or have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

12.    Each Plaintiff is an adult resident of the State of Florida and has been employed by Defendants as a "construction worker" or similar title at times during the three (3) years prior to the filing of this Complaint, and was employed by the Defendants while Defendant CFS conducted business in this district and division.  Plaintiffs are "employees" of Defendants within the meaning of the FLSA.

13.    Similarly, situated employees may seek to join this case by executing an "Opt-In Form" which will be filed with the court. Employees who file such forms are "Opt-In Plaintiffs."  The FLSA allows similarly situated plaintiffs to join a collective action by filing Opt-In Forms. The "Opt-In Forms" for Plaintiffs Vincent and Lopez-Chaves are attached hereto as composite Exhibit #1.

## Factual Allegations

14.   At all times relevant herein, Defendants operated a willful scheme to deprive their construction workers, including Plaintiffs, Opt-In Plaintiffs, and members of the Putative Collective Class, overtime compensation in violation of the FLSA.

15.   Defendants contracted with an employee leasing company to borrow their servants to perform work for Defendants.  The employee leasing company paid the wages of Plaintiffs, Opt-In Plaintiffs and the Putative Class for the first forty (40) hours of labor in a work week.  Plaintiffs, Opt-In Plaintiffs and the Putative Class were then paid by Defendants "straight-time" in cash when they worked in excess of forty (40) hours in a work week without being paid overtime as required by the FLSA.

16.   Plaintiffs, Opt-In Plaintiffs, and the members of the Putative Collective Class are similarly situated individuals and were employed by the Defendants as "construction workers" who performed manual labor to construct items for customers of Defendants.

17.   Plaintiff, Opt-In Plaintiffs and the Putative Collective Class members were paid on an hourly basis through an employee leasing company for the first forty (40) hours of work in a work week.   Work performed in excess of forty (40) hours was paid on an hourly basis, in cash,

directly from Defendants without payment of overtime payments of one and one-half times the regular hourly rate. Plaintiff, Opt-In Plaintiffs and the Putative Collective Class members regularly worked in excess of forty (40) hours in a work week and were not paid overtime.

18.    Defendants suffered and permitted Plaintiff, Opt-In Plaintiffs, and the Putative Collective Class members to work more than forty (40) hours per week without overtime pay.

19.    Defendants have been aware, or should have been aware, that Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class members performed non-exempt work that required payment of overtime compensation. Defendants were aware of the overtime work because they participated in a willful scheme to pay for the hours worked in excess of forty (40) in a work week, but not to pay overtime compensation. The payment for hours worked in excess of forty (40) hours was made in cash in an envelope at the Defendants' facility in Ocala, Florida.

20.    When Plaintiffs protested the pay situation to Defendants Shad Sanders and Amy Sanders, they were terminated from their employment in retaliation for attempting to assert their right to overtime pay under the FLSA. This termination took place on, or about, October 15, 2017.

## Collective Action Allegations

21.    Plaintiffs, on behalf of themselves, the Putative Class, and Opt-In Plaintiffs, restates and incorporates by reference the above paragraphs as if fully set forth herein.

22.    Plaintiffs file this action on behalf of themselves and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiffs' and Opt-In Plaintiffs' signed consent forms which have been previously filed with the Court.

23.    The employees similarly situated and members of the Putative Collective Class are:

All persons who are, have been employed by Defendants as construction workers (or similar titled positions) and paid on an hourly basis with no overtime pay for work in excess of forty (40) in a work week at any time from three years prior to the filing of the Complaint through the entry of judgment.

24.    Plaintiffs, Opt-In Plaintiffs, and the Putative Class worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

25.    Defendants did not pay Plaintiffs, Opt-In Plaintiffs, or the Putative Collective Class members overtime premiums for all their overtime hours worked.

26.    Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation for work performed in excess of forty (40) in a work week.

27.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, Opt-In Plaintiffs, and the similarly situated individuals of the Putative Collective Class. Accordingly, notice should be sent to the FLSA Putative Collective Class members. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendants' records.

## Violations of the Fair Labor Standards Act
## Failure to Pay Overtime

29.    Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

30.    The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

31.    Defendants suffered and permitted Plaintiffs, Opt-In Plaintiffs and the Putative Collective Class to work more than forty (40) hours per week during weeks within the statutory period without paying them overtime compensation.

32.    Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff, Opt-In Plaintiffs, and the Putative Collective Class the required overtime pay.

33.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

34.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew, or

showed reckless disregard, of the fact that its compensation practices were in violation of these laws.

### Violations of the Fair Labor Standards Act
### Anti-Retaliation Provisions with Regard
### To Plaintiffs Vincent and Lopez-Chaves

35.    Plaintiffs Vincent and Lopez-Chaves were discharged as a direct and proximal result of their efforts to assert their rights under the FLSA. These Plaintiffs expressed their displeasure to Defendants Shad and Amy Sanders regarding their pay on an hourly basis without the payment of an overtime premium. These protests took place in late 2017 and the terminations took place, on, or about, October 15, 2017. Such terminations were made in direct response to Plaintiffs' efforts to seek appropriate pay under the FLSA and complaining to Defendants' of their failure to pay appropriate overtime pay.

36.    As a direct and proximal result of the termination, Plaintiffs Vincent and Lopez-Chaves suffered a loss of income, humiliation, mental anguish, financial distress and other damages.

### Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, (including Opt-In Plaintiffs and members of the Putative Collective Class) pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the Plaintiffs, Opt-In Plaintiffs, and Putative Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.      Judgment against Defendants, jointly and severally, in the amount of Plaintiff's, Opt-In Plaintiff's and the Putative Collective Class's unpaid overtime wages at the applicable overtime rates;

C.      An additional and equal amount as liquidated/statutory damages under 29 U.S.C. § 216(b);

D.      A finding that Defendants' violations of the FLSA were willful and not done in good faith;

E.      All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

F.      An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

G.      Monetary and non-monetary damages for Plaintiffs Vincent and Lopez-Chaves as a result of their termination;

H.    Leave to add additional plaintiffs by motion, the filing of written

Opt-In consent forms, or any other method approved by the Court; and

I.    All further relief as the Court deems just and equitable.

Dated February 23, 2018.

s/Sean Culliton
SEAN CULLITON
Fla. Bar No. 0986232
Sean Culliton, Esq., LLC
150 John Knox Road
Tallahassee, FL 32303
(850) 385-9455
(813) 441-1999 (fax)
Sean.Culliton@gmail.com


Attorney for Plaintiffs