# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**BRYAN VINCENT and**
**COURTNEY LOPEZ-CHAVES,**
**individually and on behalf**
**of all other similarly situated,**

        **Case No.:  5:18-cv-177-JSM-PRL**

       **Plaintiffs,**

**v.**

**AMY SANDERS,**
**SHAD SANDERS,**
**and CENTRAL FLORIDA**
**SURFACES, INC.,**

       **Defendants.**
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Bryan Vincent and Courtney Lopez-Chaves, and Defendants, Amy Sanders, Shad Sanders, and Central Florida Surfaces, Inc., by and through their undersigned counsel and pursuant to Rule 41 and Local Rule 3.01(g), jointly move the Court to approve the settlement reached by the parties in this case and state as follows:

1.     Plaintiff's lawsuit was removed to the United States District Court for the Middle District of Florida. Plaintiffs sought unpaid overtime compensation, liquidated damages, damages for alleged retaliation and attorney's fees and costs for Defendants' alleged violation of the Fair Labor Standards Act ("FLSA").

2.     Defendants denied Plaintiffs' claims and asserted affirmative defenses.

3.      Defendants contend that they acted in good faith and not in willful violation of the FLSA.

4.      Discovery was propounded on Defendants and Plaintiffs. Defendants produced its payroll and other records to Plaintiffs to review.

5.      The parties engaged in settlement negotiations and exchanged sufficient information as to allow all parties to make educated and informed decisions regarding settlement.

6.      The parties successfully came to an agreement to resolve this dispute and now seek approval of the settlement from the Court. A true and correct copy of the executed Settlement Agreement and Release is attached hereto as **Exhibit "A."**

7.      The parties stipulate that they have a bona fide dispute. All parties have been represented by counsel throughout the litigation. After reviewing Defendants' payroll and time records and Answer and Affirmative Defenses, Plaintiffs are satisfied that the amount to be received makes them whole and adequately compensates for the unpaid overtime hours/wages claimed in this action. The Plaintiffs completed the Court's Interrogatories to Plaintiff (Docket #7) and Plaintiff Bryan Vincent estimated he was owed $4,641.00 in unpaid overtime and liquidated damages. Plaintiff Courtney Lopez-Chaves estimated she was owed $2,983.50 in unpaid overtime and liquidated damages. The Plaintiffs have realized a full recovery of their claim for unpaid overtime and liquidated damages[1].

8.      The parties agree that the Plaintiffs' attorney's fees and costs are fair and reasonable under the circumstances. The costs include the filing fee of $400.00 and $120.00

---

[1] The remainder of the settlement proceeds are payable towards Plaintiffs' claim for retaliatory discharge.

for service of process. Travel expenses to drive to Ocala, Florida from Tallahassee are $214.50 for 390 miles traveled. The attorney fee is $1,265.50.

9.      The Plaintiffs have agreed to accept $10,000.00 as full and complete settlement of all of Plaintiffs' claims against the Defendants. The $10,000.00 will be paid to the Plaintiff in the following manner as described in detail in the settlement agreement.

10.     Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.

11.     Counsel for Plaintiffs represent that after reviewing Defendants' time and payroll records, it is his opinion that the amount offered by Defendants adequately compensates the Plaintiffs for their claims.

12.     The parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

## MEMORANDUM OF LAW

### A.      Standard of Review.

Pursuant to the case law of this Circuit, judicial review and approval of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .. The only other route for compromise of FLSA claims is provided in the context of suits brought

directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

**B.    All of the Relevant Criteria Support Final Approval of the Settlement.**

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D.

Fla. Dec. 21, 2006). Here, Plaintiffs are represented by counsel Sean Culliton. Defendants are represented by Ronald W. Fraley of the Fraley Firm P.A. All counsel involved have experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid overtime compensation.

The expense and uncertainty of litigation also militates in favor of this settlement. Plaintiffs and Defendants continue to disagree over the merits of the claims asserted by Plaintiffs. If the parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. Defendants contend that its payroll records are accurate and show that Plaintiffs were adequately paid for all overtime worked. However, in an effort to resolve the litigation, Defendants are paying Plaintiffs the settlement amount for overtime, liquidated damages and attorneys' fees. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information regarding Plaintiffs' hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In

determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts look at several factors to determine the reasonableness of the hours expended and the hourly rate, including the market rate of other lawyers in the legal community for similar services who have comparable skills, experience and reputation. *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299-1300 (11th Cir. 1988).

In order for the Court to determine the reasonableness of fees, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Id.* at 1303. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *See Helms* at 5. In addition, the Plaintiffs are being paid the full amount of their claimed damages for unpaid overtime based on their answers to the Court's interrogatories.

Here, both parties stipulate that the proposed fees to Plaintiff's counsel are reasonable. Of the $2,000.00 payable for attorneys' fees, $734.50, is for the reimbursement of costs. The remaining is for the attorneys' fees at a compromised payment of $1,265.50, for 3.62 hours, resulting in an hourly rate of $350.00 per hour.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice.

WHEREFORE, Plaintiffs, and Defendants, respectfully request that this Honorable Court enter an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiffs' claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated this 6th day of May, 2019.

/s/ Sean Culliton
Sean Culliton, Esq.
Fla. Bar No. 0986232
Sean Culliton, Esq., LLC
150 John Knox Road
Tallahassee, Fla. 32303
(850) 385-9455 – Telephone
(813441-1999 – Facsimile
Attorney for Plaintiffs

/s/ Ronald W. Fraley
Ronald W. Fraley
Florida Bar No. 0747025
rfraley@fraleylawfirm.com
The Fraley Firm, P.A.
412 E. Madison St, Suite 1213
Tampa, FL 33602
(813) 229-8300 - Telephone
(813) 871-1495 - Facsimile
Attorney for Defendants

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a Settlement Agreement and General Release (the "Agreement") entered into by and between Plaintiffs, Bryan Vincent ("Vincent") and Courtney Lopez-Chaves ("Lopez-Chaves") and Defendants, Amy Sanders, Shad Sanders and Central Florida Surfaces, Inc. (collectively, "Defendants").

### BACKGROUND

Plaintiffs commenced an action in state court against Defendants styled as *Bryan Vincent and Courtney Lopez-Chaves v. Amy Sanders, Shad Sanders and Central Florida Surfaces, Inc.* (the "Litigation"), alleging that Defendants violated the Fair Labor Standards Act (the "FLSA"), and retaliated against Plaintiffs by terminating their employment. This action was moved to Federal Court. Defendants deny any and all liability to Plaintiffs and deny committing any of the wrongful or illegal acts against Plaintiffs as alleged in the Litigation.

The parties desire to enter into this Agreement to provide, among other things, for a reasonable settlement and full discharge of any and all disputes brought or which could have been brought by Plaintiffs against Defendants.

### SUBSTANTIVE PROVISIONS

In exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is expressly acknowledged, the parties agree as follows:

1.    **Defendants' Payments to Plaintiffs.**

A.    Defendants agree to pay Plaintiffs the total gross sum of $10,000.00 (the "Settlement Sum") in full compromise and settlement of any and all claims Plaintiffs had, have, or may have against Defendants. Defendants agree to provide the Settlement Sum, as specified in this agreement, to Plaintiffs' attorney, Sean Culliton, P.A. The parties agree that the Settlement Sum shall be distributed as follows:

(i)    Defendants agree to pay Plaintiff Bryan Vincent the total gross sum of $5,000.00 ($2,500.00 for unpaid overtime and $2,500.00 for liquidated damages) in full compromise and settlement of any and all claims Plaintiffs had, has, or may have against Defendants. The first payment of $2,500.00 to Plaintiff Vincent for liquidated damages shall be paid within seven (7) days of the date the Court approves the settlement. Defendants shall issue a 1099 to Vincent for this payment. The second payment in the amount of $2,500 to Vincent for unpaid overtime will be paid 30 days after the first payment. All normal withholding shall be subtracted from this payment

(ii)    Defendants agree to pay Plaintiff Lopez-Chaves the total gross sum of $3,000.00 ($1,500.00 for unpaid overtime and $1,500.00 for liquidated damages) in full compromise and settlement of any and all claims Plaintiff Lopez-Chaves had, has, or may have against Defendants. The payments of $2,500.00 to Plaintiff Lopez-Chaves for liquidated damages and payment in the amount of $2,500 for unpaid overtime shall be paid within 30 days



after the second payment to Vincent. Defendants shall issue a 1099 to Lopez-Chaves for liquidated damages payment and all normal withholding shall be subtracted from the unpaid overtime payment.

(iii) . Defendants shall pay to Plaintiffs' counsel $2,000.00, in full settlement of any claims Plaintiffs had, have, or may have as to the recovery of their attorneys' fees and costs in the Plaintiffs' Litigation. This sum will be paid by check made payable to "Sean Culliton, P.A." This final payment will be made within thirty (30) days of the payments to Plaintiff Lopez-Chaves. The parties acknowledge and agree that this portion of the Settlement Sum represents compensation for disputed claims for attorneys' fees and costs incurred by Plaintiffs. Defendants will issue a Form 1099 to Sean Culliton, P.A.

B.    If the taxability of this portion of the Settlement Sum is challenged by the Internal Revenue Service or any other person or entity, and it is determined to be taxable, then Plaintiffs agree that they are solely responsible for the payment of any taxes that may be due on that sum. Plaintiffs further agrees to indemnify Defendants against any claims by any person or entity that Defendants wrongfully failed to withhold or contribute any monies from this portion of the Settlement Sum.

C.    Notwithstanding that the Settlement Sum is paid with respect to the back pay, liquidated damages, compensatory damages and attorneys' fees and costs incurred by Plaintiffs, Plaintiffs agrees to release Defendants from any and all other damages they claim according to the terms and conditions set forth in this Agreement.

D.    Plaintiffs understand that the Settlement Sum shall constitute the sole financial obligation of Defendants to Plaintiffs under the terms of this Agreement.

2.    **Plaintiffs' Obligations to Defendants.**

A.    Within ten (10) business days after this Agreement is fully executed by the parties, Plaintiffs agree to jointly file with Defendants a motion requesting the Court to approve this Agreement and to dismiss the Litigation with prejudice

B.    Plaintiffs represent and warrant to Defendants that, other than the Plaintiffs Litigation, they has no other pending charges, complaints, claims, or actions against Defendants, or any existing or former employee, agent, or representative of Defendants before signing this Agreement. In addition, Plaintiffs represents that they have not assigned to any person or entity any claim or action they have, or may have, against Defendants.

C.    Plaintiffs agree to be bound by the release provision contained in Section 3, below.

D.    Plaintiffs agree to be bound by the confidentiality provisions contained in Section 4, below.

3.    **General Release by Plaintiffs.**

A.    Plaintiffs hereby release and forever discharge Defendants from any and all

2

claims Plaintiffs have, had, or hereafter may have against it based upon the Plaintiffs' Litigation, their employment with Defendants, the termination of their employment with Defendants, or any other aspect of their employment relationship with Defendants.

B.    Plaintiffs further agree to, and hereby do, release and forever discharge Defendants from any and all contract actions, tort actions, statutory actions (including, without limitation, claims under the Family and Medical Leave Act of 1993; Title VII of the Civil Rights Act of 1964, as amended, 42 United States Code Sections 2000-e *et. seq.*; the Rehabilitation Act of 1973; the Age Discrimination in Employment Act of 1967, as amended; the Older Worker's Benefit Protection Act; the Employee Retirement and Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Civil Rights Acts of 1866 and 1991; the National Labor Relations Act, as amended; the Equal Pay Act of 1963; the Fair Labor Standards Act of 1938, the Florida Civil Rights Act of 1992 and any other state or local laws), administrative actions, constitutional claims (including, without limitation, claims pursuant to the Florida Minimum Wage Law contained in the Florida Constitution), and charges of discrimination, as well as all claims for costs, expenses, or attorney's fees, for which they had, has, or hereafter may have against Defendants including, but not limited to, any and all claims, damages, or losses, known or unknown, directly or indirectly sustained by Plaintiffs in connection with any matter arising out of their employment or any other relationship with Defendants, or any other facts or occurrences, from the beginning of time up to and including the date and time this Agreement becomes effective.

C.    Plaintiffs agree not to contact, or attempt to contact, any current or former employees of the Defendants in any effort to promote litigation or a lawsuit of any kind, or to discuss this settlement or the litigation that was engaged in against Defendants.

4.    <u>Confidentiality</u>.    Plaintiffs agree that they will not divulge, communicate, or otherwise disclose, directly or indirectly, to any person or entity, either (i) the fact that the parties have settled Plaintiffs' claims against Defendants; (ii) the existence or terms of this Agreement, or the Agreement's negotiation, execution, or implementation; or (iii) Plaintiffs' claims against Defendants. The parties agree that nothing in this paragraph prohibits Plaintiffs from disclosing the settlement or the terms of this Agreement to their attorneys, accountants, or to any government agency as may be required by law, as long as they instruct their attorneys and accountants to keep the information confidential.

5.    <u>Non-Disparagement</u>.    Plaintiffs agree that they will not disparage Defendants orally or in writing, which includes, but are not limited to, making negative comments about Defendants or Plaintiffs' employment with Defendants. Plaintiffs will not participate in any way in the making or publication of any statement that could libel, slander, or disparage Defendants. Defendants agree that if contacted for a reference they will only provide dates of employment and position held.

6.    <u>Non-admission of Liability</u>. The parties acknowledge and agree that the settlement of Plaintiffs' claims (i) does not constitute any admission of liability by Defendants; (ii) does not constitute an admission by Defendants of the validity of any of Plaintiffs' legal or

factual contentions; and (iii) is solely for the purpose of avoiding the expense and inconvenience of further proceedings between the parties.

7.    **Entire Agreement**.  This Agreement represents the sole and entire agreement between the parties and supersedes any and all prior agreements, negotiations, or discussions between the parties and/or their respective counsel with respect to the subject matter covered in this Agreement.  The parties further agree that this Agreement may not be modified orally and that any modification of this Agreement must be in writing and signed by all parties.

8.    **Informed, Voluntary Signature**.  In entering into this Agreement, Plaintiffs represent that, before executing this Agreement, they have completely read all the terms herein and that they fully understand and voluntarily accept the terms after having the opportunity to consult adequate legal counsel of their choice.  Plaintiffs further acknowledge and agree that they have received a reasonable period of time to consider this Agreement and that the subsequent discovery of any facts by Plaintiffs, whether or not existing on the date of this Agreement and no matter how material, shall have no effect on the validity of the Agreement.

9.    **Attorneys' Fees and Costs**.  Other than as set forth in Section 1, above, the parties agree to bear their own attorneys' fees and costs in connection with the Litigation and the preparation of this Agreement.  However, in the event that either party institutes an action to enforce any provision contained in this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs from the other party, including any fees and costs on any appeal(s).

10.    **Miscellaneous**.

A.    The parties agree that this Agreement shall be interpreted and enforced in accordance with Florida law.

B.    If one or more paragraph(s) of this Agreement are ruled invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of the Agreement, which shall remain in full force and effect.

C.    This settlement is contingent upon the Court's approval of this Agreement.  If, for whatever reason, the Court does not approve this Agreement and does not dismiss the Litigation, then all parties are discharged of any and all obligations they have under the terms of this Agreement.

D.    As used in this Agreement, the term "Defendants" includes Central Florida Surfaces, Inc and its predecessors, parents, subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and its respective successors and assigns together with its respective directors, officers, employees, agents, attorneys, representatives, shareholders, heirs, and personal representatives.  The terms "Defendants" also includes Amy Sanders and Shad Sanders, and their heirs, personal representatives, assigns, successors, agents, and attorneys.

E.    As used in this Agreement, the term "Plaintiffs" shall mean Plaintiffs as well as their heirs, personal representatives, assigns, successors, agents, and attorneys.

4

IN WITNESS WHEREOF, the parties hereto have executed this five-page Agreement as follows:

As to Plaintiffs, this 29th day of April, 2019.

_____
Witness

_____
Witness          Khristopher Lopez-Chaves

_____
BRYAN VINCENT

_____
Witness

_____
Witness          Khristopher Lopez-Chaves

_____
COURTNEY LOPEZ-CHAVES

As to Defendant Amy Sanders, this 29 day of April, 2019.

_____
Witness

_____
Witness

_____
Amy Sanders

As to Defendant Shad Sanders, this 30 day of April, 2019.

_____
Witness

_____
Witness

_____
Shad Sanders

As to Defendant Central Florida Surfaces, Inc., this 30 day of April, 2019.

_____
Witness

_____
Witness

CENTRAL FLORIDA SURFACES, INC.

By: _____

Its: PRESIDENT

5